

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

GROVER SELLERS
XXXXXXXXXXON
ATTORNEY GENERAL

Hon. George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Mr. Sheppard:            Opinion No. O-7348

                              Re:  Liability of City of San Antonio
                                   and San Antonio Independent
                                   School District for State and
                                   county taxes on lands bought in
                                   by City at tax sale.

          By your letter of August 9, 1946, you forward for our
opinion an inquiry submitted by the Criminal District Attorney
of Bexar County, Texas.  From that inquiry it appears that the
District Attorney's office has filed suit against the City of
San Antonio and San Antonio Independent School District for
state and county taxes for the years 1941-1945 inclusive, as-
serted to be due on Lot 8 in the East one-half of Block 14,
City Block 611 on Montana Street in the City of San Antonio.
The title of the City  and of the School District, and the man-
ner in which it was acquired, is outlined in a memorandum ac-
companying the inquiry as follows:

          "City of San Antonio and San Antonio Inde-
     pendent School District acquired title to Lot 8,
     Block E.½ of 14, City Block 611 on Montana Street
     by Sheriff's Deed dated 6th day of December 1938
     which was filed for record on December 27, 1938,
     and was recorded in Vol. 1667 pages 418-22, Deed
     Records of Bexar County, Texas.  This Sheriff's
     Sale was made under Execution and Order of Sale
     in cause No. C-10427 styled City of San Antonio
     et al vs.  T.E. Barnes et al in the 37th Judicial
     District Court of Bexar County, Texas for taxes
     levied and assessed by City of San Antonio and San
     Antonio Independent School District for the fiscal
     years 1930 to 1937 both inclusive.  The period of
     redemption expired December 27, 1940.  Writ of
     Possession was provided for in the judgment in said
     cause No. C-10427 but the City of San ANtonio and
     San Antonio Independent School District have not at
     any time had or held possession of said parcel of
     land.  Possession of said parcel of land continued

to be in T.E. Barnes.  There are two buildings on
this lot occupied by tenants of T.E. Barnes and
any rents paid on this parcel of land have been
paid to T.E. Barnes.  City of San Antonio and San
Antonio Independent School District have not at
any time received any rent for same but have at
various times since December 27, 1940, attempted
to sell said property.

"City of San Antonio and San Antonio Independ-
ent School District filed suit in Trespass to Try
Title against T.E. Barnes et al for the title and
possession of said described parcel of land, same
being No. F-31945 styled City of San Antonio et al
vs.  T.E. Barnes et al in the 45th District Court,
Bexar County, Texas, and on June 10, 1946 final
judgment was rendered clearing the title to plain-
tiffs and awarding Writ of Possession.  City of San
Antonio and San Antonio Independent School District
assert and claim that they have held title to said
parcel of land solely for the purpose of collecting
the taxes owing on same and further that the assess-
ment and levy of taxes by State of Texas and Bexar
County on said parcel of land for the years 1941 to
1945 both inclusive are unauthorized and should be
set aside by the Court under authority of the Su-
preme Court decision in City of Austin vs. Sheppard,
190 S.W. 2d 486."

In view of the decision of the Supreme Court in the case
of City of Austin v. Sheppard, 190 S. W. (2d) 486, it is settled
that a City is not subject to imposition of State and County
taxes upon property to which it has acquired title by expiration
of the redemption period following a sale to it had pursuant to
judicial proceedings for enforcement of collection of taxes levied
by such City.  The acquisition of such property and its retention
by the City for the purpose of resale at least for a reasonable
period of time within which the City might try to sell such
property, constitutes ownership and holding of such property
"only for public purposes" within the meaning of section 9 of
Article XI of the Constitution of Texas, City of Austin v.
Sheppard, supra; Puckett v. Rolison, (Civ App.) 193 S.W. (2) 974.

By force of the same reasoning which the courts have ap-
plied in reaching the conclusion that property acquired by a
City in proceedings for enforcement of its ad valorem taxes is
exempt from taxation by the State and its political subdivisions
during the period that such title is held by the City for such
purposes, we think that property acquired and held by an inde-
pendent school district in judicial enforcement of its property

taxes would likewise be exempt.  Section 2, Article VIII, as amended, Constitution of Texas; Article 7150, Revised Statutes, as amended.

Since it appears from the statement submitted that the City of San Antonio and San Antonio Independent School District have acquired and held the property in question only in connection with proceedings arising from their attempt to enforce collection of property taxes imposed by those political subdivisions, you are advised that the City and the District are not subject to taxation on such property for state and county purposes from time of acquisition of the property for such purposes, and for such reasonable period of time thereafter as the property may be so held looking to its resale by those municipal corporations.

This opinion is not intended to determine the question of whether the property could have been assessed and taxed for State and County purposes to T.E. Barnes, et al, (the former owners) during the time between the expiration of the period of redemption on December 27, 1940, and the date when the former owners were ousted and possession of the land taken by the City and the school district.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By s/Gaynor Kendall
    Gaynor Kendall
    Assistant

GK:djm:wc


APPROVED AUG 22, 1946
s/Carlos C. Ashley
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee By s/BWB Chairman